**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**THEODORE SWAIN,**

    **Plaintiff,**

**v.**                                                            **CIV 12-491 JB/LAM**

**THOMAS SEAMAN, Receiver for the Assets
of T. Swain, an individual and in his official
capacity; SIXTH JUDICIAL DISTRICT COURT
COUNTY OF LUNA, STATE OF NEW MEXICO;
GARY JEFFREYS, an individual, and in his
official capacity; DANIEL PARAMO, an individual,
and in his official capacity; KATHY BALAKIAN, an
individual, and in her official capacity;
EVA SIMON, an individual, and in her official capacity;
CLIFF BUSHIN, an individual, and in his official capacity;
JUAN LAGUNA, an individual, and in his official capacity;
E.G. RECIDRO, an individual, and in his official capacity;
SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA;
CHARLES GILL, an individual, and in his official capacity,**

    **Defendants.**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

## **PROPOSED FINDINGS**

**THIS MATTER** is before the Court on Plaintiff's motions to proceed *in forma pauperis*. [*Docs. 3* and *5*], and on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), directing the undersigned to "perform any legal analysis required to recommend to the Court an ultimate disposition of the case" [*Doc. 7*].

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

Plaintiff is a California inmate and is proceeding *pro se*. When determining whether to grant permission to proceed *in forma pauperis*, the Court must "review the affidavit and screen [the] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under Section 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Further, because Plaintiff is an inmate seeking redress from governmental entities, officers, or employees, the Court must also screen his case under 28 U.S.C. § 1915A(a) and recommend the dismissal of "any portion of the complaint" that "fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Although a review of Plaintiff's prison account indicates that he is indigent, the undersigned recommends that Plaintiff's motions to proceed *in forma pauperis* be denied and his Complaint be dismissed because, as further set forth below, Plaintiff has failed to invoke the subject-matter jurisdiction of the Court, and because Plaintiff seeks to sue immune defendants and cannot state a viable federal claim against any Defendant. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal under § 1915(e) is now mandatory).

## Background

In 2008, Plaintiff was convicted in Superior Court of San Diego, California on several counts of fraud in the offer of securities, grand theft, engaging in fraudulent securities schemes, and theft

against elders, and was sentenced to 24 years in prison and to pay restitution amounts of over $6.75 million dollars. *See People v. Swain*, No. D053185, 2009 WL 3451252 at *1 (Cal. Ct. App. 4th Dist. Oct 27, 2009) (unpublished), *review denied* (Jan. 13, 2010);[2] and [*Doc. 1-1*, Ex. B at 33][3] (copy of victim restitution order from Plaintiff's criminal case). Plaintiff is incarcerated in a California prison facility. *See* [*Doc. 1* at 1 and 2]. Some of Plaintiff's convictions are related to fraudulent real estate development schemes in Deming, New Mexico. *See People v. Swain*, 2009 WL 3451252 at *1 ("Swain sold securities classified as series A, B, and C, for the Southwest El Segundo Fund to build 139 dwelling units in Deming, New Mexico."); *id.* at *7 (finding sufficient evidence to support convictions because a New Mexico resident testified that he invested in "the New Mexico Development Fund" but that he "was not informed regarding Swain's bankruptcy, prior convictions or that First Fidelity had not received proceeds apart from investor money"). After Plaintiff's conviction, the California state court appointed Defendant Thomas Seaman to take possession and control of, and to liquidate, various bank accounts, real property, and personal property in which Plaintiff holds an interest so that they could be sold to pay restitution to Plaintiff's victims. [*Doc. 1-1*, Ex. B at 34-42]. That order included bank accounts and real property located in Luna County, New Mexico, and the order required Plaintiff to "turn[]over to the Receiver the possession and management of the [listed] Property," and not to "directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order." *Id.* at 35-36 and 40-41. The

---

[2]The Court takes judicial notice of cases to which Plaintiff refers in his Complaint. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted). Plaintiff's criminal convictions are final, but he has filed petitions for writs of habeas corpus in both the state and federal courts of California, *see* [*Doc. 1* at 21], and the federal habeas petition is being held in abeyance until the California Supreme Court has ruled on the appeal from the denial of his state habeas petition. *See Swain v. Neotti*, No. 11cv1086 H (PCL), Doc. 12 (S. Dist. Cal. Oct. 25, 2011).

[3]Citations to documents filed in this case are to the Court's CM-ECF page numbers.

California Court of Appeals upheld Plaintiff's convictions. *See People v. Swain*, 2009 WL 3451252 at *1.

Pursuant to the order appointing him as Receiver, Defendant Seaman successfully filed suit for a declaratory judgment in New Mexico state court and obtained a ruling that he has the authority to act as a receiver for Plaintiff's assets. *See Seaman v. Swain*, No. 31,307, 2011 WL 6029679 at *1 (N.M. Ct. App. Nov. 30, 2011) (unpublished), *cert. denied*, No. 11-9919, ___ S.Ct. ___, 2012 WL 1390482 (June 4, 2012) (denying *writ of certiorari* regarding New Mexico Court of Appeals' denial of Plaintiff's motion to set aside default judgment against Plaintiff). The New Mexico district court entered a default judgment against Plaintiff after he failed to file a timely answer after having been given an extension of time to do so, and struck his untimely-filed answer and cross complaint,[4] and the New Mexico Court of Appeals affirmed those rulings, holding that Plaintiff "did not provide a meritorious defense in his motion to set aside the default judgment" and that he could not represent the Corporation or anyone else because he is not an attorney. *Seaman*, 2011 WL 6029679 at *1. The Court of Appeals also specifically rejected Plaintiff's justification for failing to timely file an Answer, which was that "he lacked adequate access to legal resources while in prison in California and therefore was unable to file a timely answer," and found that argument was "not supported by the record, as he filed many pleadings - some before he responded to the complaint or default judgment." *Id.* Plaintiff filed a petition for writ of certiorari with the United States Supreme Court which was denied on June 4, 2012. *See Swain v. Seaman*, No. 11-9919, ___

---

[4]Plaintiff has submitted a copy of his untimely answer and cross-complaint at Appendix A, [*Doc. 1-2* at 26-50, *Doc. 1-3* at 1-46, and *Doc. 1-4* at 1-23], attached to his Complaint in this Court, which, at more than 90 pages long, belies his contention that he has not been given access to relevant New Mexico cases and statutes.

S.Ct. ___, 2012 WL 1390482 (June 4, 2012). The New Mexico Court of Appeals' judgment, therefore, is final.

Plaintiff also filed petitions for a writ of mandamus with the New Mexico Court of Appeals and the New Mexico Supreme Court, asking for "meaningful access" when the Luna County case was pending; and he filed two petitions for writs of habeas corpus in the California Superior Court and the California Court of Appeals asking for "meaningful access," all of which have been denied. *See* [*Doc. 1* at 7 and 19] (stating that the California Superior Court denied his request that the prison permit him "a minimum of sixty hours access each week to the prison law library" so that he could research the issues raised in the Luna County case).

## **Allegations in the Complaint.**

Plaintiff brings this suit against Defendant Thomas Seaman, the state court-appointed Receiver in his criminal case, various California prison officials and employees, courts in New Mexico and California, and the presiding judges in his criminal and civil cases. *See* [*Docs. 1* and *4*]. Plaintiff requests that this Court require six of the Defendants (who are employed at the California prison where he is incarcerated as the warden, the supervisor of corrections for education, librarians, and library assistants) to give him access to New Mexico statutes, case law, and rules of Court and to give him more time in the correctional facility's law library so that he may defend against the civil suit in New Mexico that Defendant Seaman brought in March 2010 to recover assets to satisfy Plaintiff's criminal fines and penalties. *See* [*Doc. 4* at 1-2]. Plaintiff also challenges the legality of his conviction and of the rulings in his criminal case, *see, e.g.,* [*Doc. 1* at 17, 21 and 44], as well as the rulings made in the Luna County civil case, *see, e.g., id.* at 18-19, 29-31 and 33.

Plaintiff's Complaint, to which hundreds of pages of exhibits and a appendices are attached, seeks several types of relief: (i) a declaration that the California prison employees' failure or refusal

5

to provide him with "'meaningful access to courts' has caused his actual injury;" (ii) a permanent injunction ordering Defendants Seaman, the Sixth Judicial District Court, Judge Gary Jeffreys (who presided over the Luna County case), Daniel Paramo (the warden of the correctional facility where Plaintiff is housed), and librarians and library assistants at that facility, the San Diego Superior Court, and Judge Charles Gill (who presided over Plaintiff's criminal case), to "provide Plaintiff a minimum of twelve (12) hours of Law Library access daily, coupled with adequate library resources, Monday through Friday of each week," along with all of the statutes, case law, and rules of court in which any of Plaintiff's "legal actions are brought and/or prosecuted," and "up to date legal research capabilities, functional typewriter and accoutrements, and adequate copies of all relevant legal documents and pleadings;" (iii) issue an injunction that keeps Plaintiff from being "moved, relocated, transferred, or adversely acted upon" or reassigned to a different "housing or status" or his cell being searched by a "goon squad;" (iv) compensatory damages of $100,000 for denial of meaningful access to the courts from the date he was served with process in the Luna County civil litigation; (v) judgment in his favor for compensatory damages on his cross-complaint filed in the Luna County civil case; and (vi) punitive damages for violation of his right to access to the court in the Luna County case. *See* [*Doc. 1-1* at 19-22].

## Analysis

This Court must first address whether it has subject matter jurisdiction over Plaintiff's claims, which involves consideration of the *Rooker-Feldman* doctrine because this case involves claims decided by a state court and claims intertwined with prior state-court judgment. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). "Generally, the *Rooker–Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court

judgment." *Id.* (citation and internal quotation marks omitted). The scope of the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff seeks review and rejection of rulings in his criminal case, in which Defendant Seaman was appointed as the Receiver over all of Plaintiff's assets, and of rulings in the Luna County state-court decision granting default judgment in favor of Defendant Seaman and piercing the corporate veil of Plaintiff's corporation so that Defendant Seaman could reach those assets. Plaintiff also seeks to overturn the state courts' decisions holding that he had sufficient access to legal materials to provide "meaningful access to the courts," so that he may relitigate that issue in this Court. Applying *Rooker-Feldman*, this Court does not have subject matter jurisdiction to review and reverse, or to call into question, the final decisions made in *People v. Swain*, 2009 WL 3451252, or in *Seaman v. Swain*, 2011 WL 6029679.

Further, Plaintiff's claims for injunctive and declaratory relief are centered on the litigation in Luna County, which is over and has been finally resolved in favor of Defendant Seaman. There is no live controversy between the parties in Luna County, thus Plaintiff's assertions that he must be granted more time in the prison's law library and given materials to defend against Defendant Seaman's claims and prosecute his counterclaims in that case are moot. The "[c]onstitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1028 (10th Cir. 2003) (citation, internal quotation marks and bracket omitted). "It is well established that what makes a declaratory judgment action a proper judicial

7

resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff. . . . [A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured by the defendant in the future." *Unified Sch. Dist. No. 259 v. Disability Rights Ctr.*, 491 F.3d 1143, 1147 (10th Cir.2007) (citations and internal quotation marks omitted).  Because Plaintiff has exhausted his appeals and the United States Supreme Court has denied certiorari in the Luna County suit, there is no chance of Plaintiff being injured in the future by the prison facility where he is incarcerated failing to provide him with New Mexico cases, statutes, and rules.  Moreover, based on his filings in this case, Plaintiff has been given adequate time in the law library, with access to legal materials and computers or typewriters for his civil-rights claim.  Plaintiff's requests for injunctive relief, therefore, are constitutionally moot, and the Complaint should be dismissed because the Court does not have subject matter jurisdiction over Plaintiff's claims.

In addition, the Court finds that Plaintiff fails to state cognizable federal claims.  Plaintiff cannot bring a § 1983 claim against a state court because courts "are not entities against which 42 U.S.C. §§ 1983 or 1985 claims may be lodged given Eleventh Amendment immunity." *Vacek v. Court of Appeals [of] New Mexico*, No. 08-2203, 325 Fed. Appx. 647, 649, 2009 WL 921144 (10th Cir. April 7, 2009) (unpublished) (citation omitted).  Furthermore, both of the judges whom Plaintiff attempts to sue are entitled to judicial immunity from suit.  *See id.*  In addition, Defendant Seaman, who, as Plaintiff concedes, "is the agent of the court and not of any party" (*Doc. 1-1* at 1), shares in the criminal court judge's absolute immunity.  *See T & W Investment Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978) ("a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity").  This Court does not have personal jurisdiction over any of the California correctional facility employees, and, under the facts

alleged in the Complaint, Plaintiff's claims against them and issues regarding access to the courts are barred by res judicata and collateral estoppel because they have already been fully litigated in the California and New Mexico state courts.

Finally, Plaintiff has not alleged facts sufficient to support a constitutional claim against any Defendant for denial of access to the courts. The United States Supreme Court has clarified that the requirement that an inmate demonstrate actual injury by a prison's or its employees' failure to provide access to a law library or legal materials "is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The holding in *Bounds v. Smith,* 430 U.S. 817 (1977) "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Instead *Bounds* requires that inmates be provided with materials "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," but "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Because Plaintiff complains only that he did not have access to the New Mexico civil cases, statutes and court rules that would assist him in resisting Defendant Seaman's attempt to pierce the corporate veil of Plaintiff's corporation in the Luna County civil proceedings, Plaintiff has not satisfied the actual injury requirement to state a claim for denial of a constitutional right to access the courts.

## **Recommended Disposition**

For the reasons stated above, the undersigned recommends that the Court deny Plaintiff's motions to proceed *in forma pauperis* and dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction and failure to state a claim.

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**